JgFITZSIMMONS, J.
In the instant case, the Riverboat Gaming Division of the Louisiana State Police (“the Division”) seeks to deny the renewal of petitioner’s non-key gaming employee permit based upon its determination that petitioner had previously pled guilty to an offense punishable by greater than one year imprisonment. Following a reversal by the district court of the Louisiana Gaming Control Board’s (“the Board”) decision to deny the renewal of petitioner’s permit, the Board now appeals. We reverse.
FACTUAL AND PROCEDURAL HISTORY
The record reflects that on or about September 18, 1993, petitioner, Steven Joseph Waddell (“Mr.Waddell”) applied to the Division seeking a permit as a non-key gaming employee aboard a Louisiana riverboat casino. As part of his permit application, Mr. Waddell disclosed that he had previously been arrested in 1989 by the Jefferson Parish Sheriffs Department for the illegal possession of a controlled dangerous substance in violation of La. R.S. 40:966 C.[1] Mr. Waddell further disclosed that a judgment of acquittal was entered in June of 1993, and that his arrest had later been expunged on August 13, 1993. The Division subsequently granted Mr. Wad-dell a non-key gaming employee permit on September 20, 1993. Renewal permits were thereafter issued to Mr. Waddell by the Division in both 1994 and 1995.
Upon applying for a third renewal permit on July 1, 1996, Mr. Waddell was advised, in a notice dated January 23, 1997, that his renewal application had been denied. The Division based its denial upon the provisions of La. R.S. 27:76(3)[2], 1.e., that Mr. Waddell had previously been *682 convicted of, or pled guilty or nolo conten-dere to, an offense punishable by imprisonment for a period of more than one year.
Mr. Waddell thereafter requested an administrative hearing. Following a hearing, the hearing officer recommended to the Board that Mr. Waddell’s permit renewal | ^application be denied. The Board, in a decision issued September 11, 1997, affirmed the recommendation of the hearing officer and denied issuance of a permit. Mr. Waddell then filed a Petition for Appeal of Administrative order and incidental matters in the Nineteenth Judicial District Court seeking judicial review of the decision to deny his permit.
Upon review and following a hearing, the district court reversed the decision of the Board as to its denial of Mr. Waddell’s renewal permit and directed that the Board pay costs, together with attorney fees in the amount of $500.00. It is from this judgment that the Board now appeals.
ASSIGNMENT OF ERRORS
In its appeal to this court, the Board asserts that the district court erred in the following respects:
1. In reversing the decision of the Louisiana Gaming Control Board dated September 11,1997;
2. In ordering the Louisiana Gaming Control Board to pay Mr. Waddell attorney fees in the amount of five hundred dollars ($500.00).
STANDARD OF REVIEW
Recently, in Catanese v. Louisiana Gaming Control Board, 97-1426, (La.App. 1 Cir. 5/15/98), 712 So.2d 666, writ denied, 98-1678 (La.10/9/98), 726 So.2d 30, this court set forth the appropriate standard of review.
Any person whose application for a gaming permit has been denied by the Division may appeal to the Board. LSA-R.S. 27:88(A). A person adversely affected by a decision of the Board may appeal to the Nineteenth Judicial District Court in accordance with the provisions of the Administrative Procedure Act. LSA-R.S. 27:89. The Administrative Procedure Act specifies that judicial review shall be confined to the record, as developed in the administrative proceedings. LSA-R.S. 49:964(F). The district court may reverse or modify the agency decision if substantial rights of the appellant are prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency’s statutory authority; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious, or characterized by an abuse of discretion or clearly unwarranted exercise of discretion; or (6) not supported and sustainable by a preponderance of evidence as determined by the reviewing court. LSA-R.S. 49:964(G); Pacificorp Capital, Inc. v. State, Through Div. Of Admin., 92-1729 (La.App. 1st Cir.8/11/94), 647 So.2d 1122, 1125, writ denied, 94-2315 (La.ll/18/94) 346 So.2d 387. On legal issues, the reviewing court gives no special weight to the findings of the administrative tribunal, but conducts a de novo review of questions of law and renders judgment on the record. State, Through Louisiana Riverboat Gaming Comm’n v. Louisiana State Police Riverboat Gaming Enforcement Div., 95-2355 (La.App. 1st Cir.8/21/96), 694 So.2d 316, 319.
Catanese, 97-1426 at 3-4, 712 So.2d at 668 (footnotes omitted).
ANALYSIS
APPLICABILITY OF LA. R.S. 27:76
Upon our review of the record, we note that a confidential disposition report contained in the files of the Bureau of Criminal Identification, Office of Louisiana State Police, was introduced into the record at the administrative hearing. Said report discioses that Mr. Waddell was arrested by the Jefferson Parish Sheriffs office on No *683 vember 17, 1989, for possession of three tablets of MDMA.[3], a violation of La. R.S. 40:966 C. With regard to the disposition of this matter, the aforementioned report states only that Mr. Waddell; “ON 09-20-90 PLED UNDER R.S. 40:983 SENT 1 YEAR INACTIVE PROBATION. PAY COST. PAY SPECIAL IDB FINE OF $250.00.” Based upon representations made by counsel for both parties at .the administrative hearing, it appears that all other records relating to this charge were evidently destroyed after Mr. Waddell’ fulfilled the terms of his probation, and the court dismissed the proceedings against him.
Former La. R.S. 40:988, the statute under which Mr. Waddell entered a plea, read as follows.
A. Whenever any person who has not previously been convicted of any offense under this Part pleads guilty to or is convicted of having violated R.S. 40:966(0, R.S. 40:967(0, R.S. 40:968(0, R.S. 40:969(0, R.S. 40:970(0 of this Part, and when it appears that the best interests of the public and of the defendant will be served, the court' may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as may be required. Among such conditions the court shall order that the defendant perform not less than one hundred hours of court-approved community service that may include manual labor.
[SB. Upon the defendant’s violation of any of the terms or conditions of his probation, the court may enter an adjudication of guilt and impose sentence upon such person.
C.Upon fulfillment of the terms and conditions of probation imposed in accordance with this Section, the court shall discharge such person and dismiss the proceedings against him.
D. Discharge and dismissal under this Section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under R.S. 40:982.
E. Discharge and dismissal under this Section may occur only once with respect to any person.
La. R.S. 40:983 (repealed by Acts 1995, No. 1251, § 2) (Emphasis supplied).
As this court recognized in Catanese, the legislature of this State has chosen to strictly regulate the gaming industry, and in so doing, elected to deny gaming permits to anyone convicted of even one felony. See Catanese, 97-1426 at 7, 712 So.2d at 670. In its previous opinions in both Catanese and Eicher v. Louisiana State Police, Riverboat Gaming Enforcement Division, 97-0121, (La.App. 1 Cir. 2/20/98), 710 So.2d 799, writ denied, 98-0780 (La.5/8/98), 719 So.2d 51, this court clearly stated that a gaming employee permit is a privilege that can be limited by legislation.
Mr. Waddell asserts that he never pled guilty pursuant to the dictates of former La. R.S. 40:983.
The provisions of La. R.S. 27:76(3) provide in applicable part:
The division shall not award a license or permit to any person who is disqualified on the basis of any -of the following criteria:
[[Image here]]
(3) The conviction of or a plea of guilty or nolo contendere by the applicant ... ■ for an offense punishable by *684 imprisonment of more than one year, (underlining supplied)
The Board aptly noted in its decision:
Regardless of the paucity of evidence introduced at the hearing, in order to be sentenced under former La. R.S. 40:983, the defendant must have either entered a guilty plea or been convicted, and the entry of judgment of guilt and further proceedings were deferred. A plea and disposition of this nature did not rise to the level of a conviction, until and |fiunless the defendant’s probation was revoked; he was adjudicated guilty; and the sentence was imposed.
... Having pled under former La. R.S. 40:983 and having satisfied his term of probation and having been, by order of the court acquitted and dismissed, Mr. Waddell does not have a conviction.
On the other hand, Mr. Waddell did in fact enter a plea of guilty or nolo conten-dere to the charge of possession of a controlled substance, and this offense is punishable by imprisonment of more than one (1) year.
The order of acquittal, the dismissal of Mr. Waddell, and the expungement in no way affects the legality or historical fact of the guilty plea. A conviction is not necessary for La. R.S. 27:76(3) to apply; the plea of guilty standing alone is sufficient.
Accordingly, the applicant has failed to prove by clear and convincing evidence that he is qualified to receive a gaming permit.
The Louisiana legislature has recently recognized that, in certain instances, the resulting permanent disqualification from ever possessing a gaming permit for a breach of the law (which might have been a non-violent youthful aberration) can be draconian in its effect. Pursuant to Acts 1999, No. 1384, § 1, eff. August 15, 1999, the provisions contained in La. R.S. 27:76 have been supplemented and amended, in part, to eliminate an applicant’s automatic disqualification from possessing a license, or permit, in certain instances wherein “ten or more years has [sic] elapsed between the date of application and the successful completion or service of any sentence, deferred adjudication, or period of probation or parole.” However, in the instant appeal, the ten year period had not elapsed as of the time of the application; therefore, the ameliorative amendment does not pertain to Mr. Waddell.[4]
Indeed, the latest legislative expression, relaxing the prohibition against retention of a permit, actually underscores the strict application of its prohibition in those circumstances that do not fall within the ambit of the exception. In this regard, the limited role of a court is to apply the law as written. Employing the legislatively mandated prerequisite to qualification to hold a non-gaming employee permit, as enunciated in La. |7R.S. 27:76(3), to the instant matter, it accosts logic to assert any proposition other than the fact that, in order to avail oneself of the provisions contained in La. R.S. 40:983 A, a plea of guilty is an inherently essential component (if one has not been convicted of a violation of La. R.S. 40:966(0). Louisiana Revised Statutes 27:76 includes within its specified criteria for disqualification from the privilege of holding an employee gaming permit “a plea of guilty;” therefore, it is inescapable that, based upon the current legislative provisions, this applicant is disqualified. It is the guilty plea that disqualifies Mr. Waddell; the subsequent action by the court did not abrogate the guilty plea.
ATTORNEY FEES
This court’s reversal of the court’s renewal of the non-key gaming employee permit to Mr. Waddell the district preter-mits the issue of the status of Mr. Waddell as a “small business,” which would be entitled to attorney fees pursuant to La. R.S. 49:950 et seq. The award of attorney fees in the sum of five hundred dollars *685 ($500.00) is hereby reversed because Mr. Waddell’s petition lacks merit.
REVERSED.
WEIMER, J., concurs and assigns reasons by FITZSIMMONS, J. '
PETTIGREW, J., dissents and assigns reasons.

. Mr. Waddell also disclosed in his permit ' application that he had previously been arrested by the Jefferson Parish Sheriffs Department in 1980 on a misdemeanor theft charge. This charge, for which Mr. Waddell received a suspended sentence and was ordered to pay a fine, is not relevant to the present litigation.

. Louisiana Revised Statutes 27:76 became effective on May 1, 1996, under the aegis of Acts 1996, 1st Ex.Sess., No. 7, § 3, which established the Louisiana Gaming Control Board as the successor to the Louisiana Riverboat Gaming Commission. La. R.S. 27:11 and 31 A(l).

. MDMA, commonly known as "ecstasy”, is a controlled dangerous substance classified in Schedule Iunder La. R.S. 40:964.

. We do not address the issue of retroactivity of the statutory amendment.