774 So.2d 1002 (2000)
Jill BLANCHARD, Francis Jones, Velton Jones and Clay Hernandez
v.
ALLSTATE INSURANCE COMPANY and Allstate Indemnity Company.
No. 99 CA 2460.
Court of Appeal of Louisiana, First Circuit.
October 18, 2000.
Rehearing Denied December 29, 2000.
Allen D. Darden, Baton Rouge, Jeff Lennard, Chicago, IL, for Defendants/Appellants, Allstate Ins. Co. & Allstate Indemnity Co.
Paul H. Dué, Andre P. LaPlace, Baton Rouge, Patrick W. Pendley, Plaquemine, for Plaintiffs/Appellees, Jill Blanchard, Francis Jones, Velton Jones & Clay Hernandez.
C. Noël Wertz, Baton Rouge, for Intervenor, James H. "Jim" Brown, Comm'r of Ins.
Before: CARTER, C.J., LeBLANC, FOIL, GONZALES, WHIPPLE, FOGG, FITZSIMMONS, KUHN, GUIDRY, WEIMER, & PETTIGREW, JJ.
CARTER, C.J.
Louisiana Revised Statute 22:627 requires property and casualty insurers to include in the premium quoted to the insured, which must be disclosed on the insurance policy, all fees, charges, premiums, or other consideration charged for *1003 the insurance or the procurement thereof. Insurers who offer installment-payment plans[1] have historically not included in the premium quoted on the policy the fees charged insureds who pay in installments. The primary issue before this court is whether an insurer's failure to include installment fees in the premium quoted on the policy violates Revised Statute 22:627.

FACTUAL AND PROCEDURAL BACKGROUND
In 1996 Jill Blanchard, Francis Jones, Velton Jones, Clay Hernandez (plaintiffs), and several other individuals filed suit in the Eighteenth Judicial District Court against Allstate Insurance Company, Allstate Indemnity Company (defendants), and several other insurers seeking, among other things, a declaratory judgment that Revised Statute 22:627 requires insurers selling property and casualty insurance policies in this state to include any finance, service, or installment charges or fees in the premiums stated on the policy. In response, defendants filed a petition for declaratory relief with the state commissioner of insurance seeking a judgment that their method of disclosing installment fees does not violate Revised Statute 22:627.
The facts are undisputed. Since at least 1978, the Louisiana Insurance Rating Commission has permitted insurers to offer insureds the option of paying their premium either in one payment or in installments. If the insured chooses to pay in installments, a small fee is charged. These fees have been submitted to and approved by the Insurance Rating Commission and are not included in the premium quoted to the insured or listed on the policy. Instead, the fees are listed as an option on the bill the insured receives from the insurer.[2]
The hearing officer for the insurance commissioner ruled that installment fees are not part of the consideration charged for the procurement of the insurance and are not required to be included in the premium quoted to the insured and stated on the policy. Instead, he found they were "merely an intramural arrangement for the convenience of the insured, with the insured remaining free to accept or to reject it." The commissioner adopted that ruling in its entirety. Plaintiffs then filed a petition for judicial review in the Nineteenth Judicial District Court. The commissioner intervened in that suit in support of his ruling and on behalf of the insurers.
The district court reversed the commissioner. The court found that the fees were "perfectly reasonable and in line" and promoted public policy by aiding those with limited financial means to obtain insurance. Nevertheless, it held that the installment fees were charges for procuring insurance that must be included in the premium quoted and must be listed on the policy. Defendants appeal, asserting that the district court used an incorrect standard of review and reached an incorrect legal conclusion.

*1004 STANDARD OF REVIEW
The district court found, without further elaboration, that Revised Statute 49:964 applies to the review of this case. While not disputing that this provision of the Louisiana Administrative Procedures Act applies, defendants contend that the district court was obligated to determine not only whether the commissioner's decision was legally correct, but whether it was unreasonable, arbitrary, and discriminatory. They cite language from cases such as Summers v. Sutton, 428 So.2d 1121 (La.App. 1st Cir.1983), that the district court cannot substitute its judgment for that of the commissioner and that agency determinations are to be given great weight and will not be reversed absent manifest error. The numerous cases defendants cite, however, all involve factual, not legal, determinations of administrative agencies.
Revised Statute 49:964(G) sets forth six[3] bases for reversal or modification of the commissioner's decision:
The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court.
In determining whether a case involving a purely legal error is subject to the manifest error or arbitrary and capricious standards, a pertinent word in this statute is the conjunction "or." Had the legislature intended for review of a legal issue to be governed by the manifest error standard and the arbitrary and capricious standard, it would have used the word "and." As the statute is written, any one of these six bases is sufficient to modify or reverse an agency determination.
Defendants contend the district court misinterpreted Revised Statute 22:627. Revised Statute 49:964(G)(4) thus applies as defendants allege the district court's decision was affected by an error of law. In Waddell v. State, 98-1014, p. 4 (La.App. 1st Cir.9/24/99), 757 So.2d 680, 682, we quoted Catanese v. Louisiana Gaming Control Board, 97-1426, p. 4 (La. App. 1 Cir. 5/15/98), 712 So.2d 666, 668, writ denied, 98-1678 (La.10/9/98), 726 So.2d 30, "On legal issues, the reviewing court gives no special weight to the findings of the administrative tribunal, but conducts a de novo review of questions of law and renders judgment on the record." Thus, defendant's first assignment of error has no merit.
Further, as an appellate court, we must apply the appropriate standard of review in evaluating the decision of the district court. As explained in Mayo v. Municipal Police Board of Review, 98-1864, p. 6 (La. App. 1st Cir.11/5/99), 745 So.2d 188, 191:
When reviewing an administrative final decision in an adjudication proceeding, the district court functions as an appellate court. Further, an aggrieved party may obtain review of any final judgment of the district court by appeal to the appropriate court of appeal. On review of the district court's judgment, no deference is owed by the court of appeal to factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal.

*1005 ARE INSTALLMENT FEES SUBJECT TO R.S. 22:627?
Revised Statute 22:627(B)(1) prohibits an insurer from charging a fee or receiving consideration for insurance if it is not included in the premium quoted to the insured. The "premium quoted" by the insurer "shall be a specific dollar amount which shall be inclusive of all fees, charges, premiums, or other consideration charged for the insurance or for the procurement thereof. ..." La. R.S. 22:627(A). Each policy delivered to the insured "shall have the full and accurate dollar amount of the premium disclosed on the policy, which shall be inclusive of all fees, charges, premiums, or other consideration charged for the insurance or for the procurement thereof. ..." La. R.S. 22:627(C). The general definitions section of the insurance code (Title 22) defines "premium" as "all sums charged, received or deposited as consideration for the purchase or continuance of insurance for a definitely stated term, and shall include any assessment, membership, policy, survey, inspection, service or similar fee or charge made by an insurer as a part of the consideration for the purchase or continuance of insurance." La. R.S. 22:5(13).
The undisputed facts found by the hearing officer are that payment of installment fees is not a prerequisite to obtaining or continuing coverage; the fees are assessed only if the insured elects to pay the premium over time. Defendants collect the installment fees to cover additional expenses arising from administering the installment plans. There is no evidence that any of the installment fees are used to pay the ordinary costs of insurance or are refunded if the insurance is not continued.
The hearing officer noted that Allstate reduces its installment-fee revenue from the "Other Acquisition Expenses" in its rate filings with the rating commission, reports its installment-fee revenue as "Finance and Service Charges Not Included in Premiums" on its annual statements, and treats installment fees as premiums for tax purposes but not for other transactions, such as the calculation of the rebate for unearned premium. The hearing officer further noted that insurers do not include the installment fees when setting up unearned premium reserves and loss reserves because they incur no liability from them.
The hearing officer reasoned that because "premium" was defined by the Louisiana Insurance Code as a fee charged as consideration for the purchase or continuance of insurance, and because "insurance" is defined in Louisiana Revised Statute 22:5(9)(a) as "a contract whereby one undertakes to indemnity another or pay a specified amount upon determinable contingencies," installment fees could not be considered premiums because they were not paid as consideration for an indemnity contract. Instead, he analogized the fees to interest on a promissory note given for insurance and found this voluntary arrangement for the insured's convenience did not fall within the ambit of Revised Statute 22:627.
The district court took a different view. It focused on the language of Revised Statute 22:627 that states the premium quoted "shall be inclusive of all fees, charges, premiums, or other consideration charged for the insurance or for the procurement" of insurance. (Emphasis added.) The court stated that the inclusion of the word "premiums" in the definition of "premium quoted" indicated that the phrase was "somewhat broader" than the definition of premium set forth in Revised Statute 22:5(13). The court found that since an insured could not obtain insurance in installments unless he pays the installment fee, the fee was charged for the procurement of insurance. The court ruled that the fees were required to be included in the premium quoted and disclosed on the policy.
Although the district court found an insured could not obtain insurance in installments without paying the installment fees, it did not find that an insured could *1006 not obtain insurance without paying them. Defendants contend the fees are neither consideration for the insurance contract nor consideration for the procurement of the insurance. We agree. Plaintiffs rely on State Farm Mutual Automobile Insurance Company v. Louisiana Insurance Rating Commission, 79 So.2d 888 (La. App. 1st Cir.1955), in which we found that the insurer was obligated to treat a membership fee as part of the premium when quoting a "price" to the insured or the public. But that case is factually distinguishable from the present case because one could not become a State Farm policyholder without paying the membership fee. In the case sub judice, payment of the installment fees is not a prerequisite to obtaining coverage.
Insurance, as defined in Revised Statute 22:5(9)(a), is an indemnification contract. The installment fees are paid not to procure an indemnification contract, but for the privilege of paying the premium over time.
Based on our analysis of the statutory language and definitions, we are convinced that these fees need not be disclosed on the policy. We find further support for our conclusion when we consider the purpose of Revised Statute 22:627. When one considers the statute is a "full disclosure of premium statute," enacted to prevent non-disclosure of hidden charges and to allow consumers to shop for insurance by making knowledgeable comparisons of premiums, it is clear that the fees need not be disclosed on the policy.
There was no evidence submitted that anyone was deceived or confused by the manner in which the fees were disclosed. It was only the failure to disclose on the policy that arguably violates the statute. In this respect, form should not be elevated over substance. A requirement that the installment fees be disclosed on the policy could generate confusion. Any reasonable consumer shopping for insurance and comparing premiums understands that payment over time results in charges different from making one lump payment.
It is undisputed that these fees are simply to cover the additional cost of administering the installment plans. These small fees ($3.50 per payment for Allstate Insurance, $5.50 per payment for Allstate Indemnity), which the district court found to be "perfectly reasonable and in line," promote the public policy of enabling drivers with limited financial means or with cash flow problems to economically spread the cost of the premium over time.
For the foregoing reasons, we find the district court committed legal error in ruling that installment fees must be included in the premium quoted to the insured pursuant to Revised Statute 22:627. The judgment of the district court is reversed, and the judgment of the commissioner of insurance is reinstated. All costs of appeal are assessed to plaintiffs.
REVERSED; JUDGMENT OF COMMISSIONER OF INSURANCE REINSTATED.
FOGG, J., dissents and assigns reasons.
PETTIGREW and GUIDRY, JJ., dissent for the reasons assigned by Judge FOGG.
FOGG, J. Dissenting.
I respectfully dissent from the majority opinion.
The definition of "premium" in LSA-R.S. 22:5 and the pertinent language of LSA-R.S. 22:627 have not changed since 1955, when this court was asked to interpret them in State Farm Mut. Auto. Ins. Co. v. Louisiana Ins. Rating Comm'n, 79 So.2d 888 (La.App. 1 Cir.1955).[1] In that *1007 case, we treated LSA-R.S. 22:627 as a consumer-protection statute, noting:
The average consumer does not possess the specialized knowledge and skill to analyze insurance rates and charges to know how much he is paying for what protection, and the legislative requirement that the `price' to the consumer must include all charges paid by him is indicative of the legislative concern for his protection in this regard.
79 So.2d at 895. We then found that a membership fee proposed by the insurer was illegal under our law because the insurer did not intend to include the fee as part of the premium when quoting a "price" to the insured or the public.
Today, LSA-R.S. 22:627(C) still provides that the premium disclosed on the policy "shall be inclusive of all fees, charges, premiums, or other consideration charged for the insurance or for the procurement thereof." (Emphasis added.) The majority has overlooked that all important conjunction "or." While the installment fees may not be consideration for the insurance contract itself, they are consideration for the procurement of that insurance as they must be paid if an insured wishes to obtain a policy and pay in installments. Therefore, in order to protect the consumer from hidden charges or fees in the premium quoted, as anticipated by the legislature in enacting LSA-R.S. 22:627, the installment fees must be included in the premium quoted. For these reasons, I would affirm the judgment of the district court.
NOTES
[1] These plans have been variously referenced as installment fees or service charges.
[2] A sample Allstate Insurance Company bill introduced in evidence contains the following three payment options:

Option 1. If you want to pay in full:
 Pay $394.80.
 . . . .
 You will not be charged any payment fees. Option 2. If you want to make the minimum payment:
 Pay $69.30
 Then your payment schedule will be as follows [minimum payments and due dates are listed].
 Each payment includes a $3.50 payment fee.
Option 3. If you want to pay less than the full amount but more than the minimum:
 Pay any amount between $69.30 and $394.80.
 A new payment schedule for your remaining payments will appear on your next bill.
 You will be charged a $3.50 payment fee each time you choose this payment option.
[3] A seventh basis for reversal or modification involves only cases covered by the Corrections Administrative Procedure Act, Revised Statutes 15:1171 through 1177.
[1] At that time the definition of "premium" was found in subsection 7. Today it is in subsection 13, but the text remains the same. Revised Statute 22:627 provided in 1955 that the premium stated in the policy "shall be inclusive of all fees, charges, premiums, or other consideration charged for the insurance or for the procurement thereof." That language is now contained in LSA-R.S. 22:627(C).