| ¡.CARTER, C.J.
Louisiana Revised Statute 22:627 requires property and casualty insurers to include in the premium quoted to the insured, which must be disclosed on the insurance policy, all fees, charges, premiums, or other consideration charged for the insurance or the procurement thereof. Insurers who offer installment-payment plans have historically not included in the premium quoted on the policy the fees charged insureds who pay in installments. The primary issue before this court is whether an insurer’s failure to include installment fees in the premium quoted violates Revised Statute 22:627.
In 1996 Ronald Porche (plaintiff), and several other individuals filed suit in the Eighteenth Judicial District Court against Prudential Property <& Casualty Insurance Company (defendant), and several other insurers seeking, among other things, a declaratory judgment that Revised Statute 22:627 requires insurers selling property and casualty, insurance policies in this state to include any finance, service, or installment charges or fees in the premiums stated on the policy. In response, defendant filed a petition for declaratory relief with the state commissioner of insurance seeking a judgment that their method of disclosing installment fees does not violate Revised Statute 22:627.
The facts are undisputed. Since at least 1978, the Louisiana Insurance Rating Commission has permitted insurers to offer insureds the option of paying their premium either in one payment or in installments. If the insured chooses to pay in installments, a small fee is charged. These fees have been submitted to and approved by the Insurance Rating Commission and are not included in the premium quoted to the insured or listed on the policy. Instead, the fees are listed as an option on the bill the insured receives from the insurer.
The hearing officer for the insurance commissioner ruled that installment fees are not part of the consideration charged for the procurement of the insurance and are not required to be included in the premium quoted to the insured and stated on the policy. Instead, he found they were “merely an intramural arrangement for the convenience of the insured, with the *1016 insured remaining free to accept or to reject it.” The commissioner adopted that ruling in its entirety. Plaintiff then filed a petition for judicial review in the | ^Nineteenth Judicial District Court. The commissioner intervened in that suit in support of his ruling and on behalf of the insurers.
The District Court reversed the commissioner. The court found that the fees were “perfectly reasonable and in line” and promoted public policy by aiding those with limited financial means to obtain insurance. Nevertheless, it held that the installment fees were charges for procuring insurance that must be included in the premium quoted and must be listed on the policy. Defendant appeals, asserting that the district court used an incorrect standard of review and reached an incorrect legal conclusion.
This case was tried with eight other suits involving almost identical facts and the same legal issue. Seven of those other suits were appealed. For the reasons set forth in our opinion rendered this date in Blanchard v. Allstate Insurance Company, 99CA2460 (La.App. 1 Cir.2000), 774 So.2d 1002, we hereby reverse the judgment of the district court and reinstate the judgment of the commissioner of insurance. All costs of appeal are assessed to plaintiff.
REVERSED; JUDGMENT OF COMMISSIONER OF INSURANCE REINSTATED.
FOGG, J., dissents for the reasons assigned in 99 CA 2460.
PETTIGREW and GUIDRY, JJ„ dissent for the reasons assigned by Judge FOGG in 99 CA 2460.