JAMES F. MCKAY III, CHIEF JUDGE | iThis. appeal stems from the November 2, 2015 administrative decision rendered against plaintiff, Sharon Sylvester (“Ms. Sylvester”), by the City of New Orleans Code Enforcement and Hearing Bureau (“City”), Ms. Sylvester appeals the trial court’s November 14, 2016 judgment, denying her petition for judicial review and affirming the City’s administrative decision. For the reasons set forth below, we affirm, STATEMENT OF FACTS AND PROCEDURAL HISTORY On January 28, 2015, the City inspected property located at 1212-14 South Rampart Street in New- Orleans. Nine code violations were documented, as follows: 1) Sanitation; 2) Weeds; 3) Fences and Walls and Plant Growth; 4) Paint or Protective Treatment; 5) Exterior Surfaces; 6) Studs; 7) Weatherboards; 8) Roofs; and 9) Decorative Features. Notice of the code violations and the hearing set for July 21, 2015 was sent to Ms. Sylvester, the. owner of record. A second inspection on July 13, 2015 noted that the nine code violations persisted. Notice was posted at the property. I the July 21, 2015 hearing, Attorney Ernest Jones (“Mr. Jones”) appeared and informed the hearing officer that he represented Ms. Sylvester in the succession of her laté husband, Anthony Sylvester (“Mr. Sylvester”).[1] He indicated that the ownership of 1212-14 South Rampart Street was an issue on appeal in Mr. Sylvester’s succession. The administrative hearing was continued to August 17, 2015.' ■ A third inspection was performed on August 7, 2015. The same nine code violations were documented, and notice was posted at the property. After another continuance requested.by Mr. Jones, the matter was continued to November 2, 2015. The property was inspected for a fourth time on October 22, 2015Í The-same nine code violations were identified, and notice was posted. Ms, Sylvester appeared at-the November 2, 2015 hearing with her son, Carl Gabriel. Mr. Jones was not present. Ms. Sylvester acknowledged that she owned the property. She also acknowledged that photographs taken in- connection with the inspections accurately represented the condition of the property. Mr. Gabriel, spoke on behalf of his mother. He asserted that due to questions surrounding Ms. Sylvester’s ownership of the property, which were still on appeal, and because Mr. Sylvester’s first wife, Mrs. Joyce Sylvester (“Joyce”), was the executrix of the succession, that Ms. Sylvester was not responsible for making the repairs. Ms. Sylvester maintained that the repairs, were Joyce’s responsibility. ■ The hearing officer rejected Ms. Sylvester’s argument that she was not the person responsible for maintaining the property. Fines and fees in the amount of |a$1625.00 were assessed against Ms. Sylvester.[2] From this ruling, Ms. Sylvester filed a petition for judicial review in the Civil District Court for the Parish of Orleans. Oral arguments were presented to the district court on October 21, 2015, and the matter was taken under advisement. Judgment was rendered in favor of the City on November 14, 2016, finding that Ms. Sylvester was both the owner of 1212-14 Sóuth Rampart Street and the person responsible for its maintenance. Ms. Sylvester’s pro se appeal followed. LAW AND ANALYSIS La. R.S. 13:2575 provides7 municipalities with authority to enact ordinances relative to public health, housing, and environmental violations. Section H provides that “[a]ny property owner or mortgagee of record of property determined to be blighted or abandoned property, or any person determined by the hearing officer to be in violation' of a public health, housing, fire code, environmental, or historic district ordinance may appeal this determination to . the appropriate district court.” The statute, however, is silent on the applicable standard of review. Thus, as this Court stated in DMK Acquisitions & Properties, LLC v. City of New Orleans, 2013-0405, p. 8 (La. App. 4 Cir. 9/18/13), 124 So.3d 1157, 1163, the general provisions. of the Administrative Procedure Act (“APA”) apply. . This Court recently summarized the standard of review under the APA in Clark v. Louisiana State Racing Comm’n, 2012-1049 (La. App. 4 Cir. 12/12/12), 104 So.3d 820, as follows: A party aggrieved by a final agency decision in an adjudication proceeding is entitled to have that decision reviewed initially by the district court of the parish in which the agency is located. La. R.S. |449:964(A)(1) and (B). The district court acts in the capacity of an intermediate appellate court. A party aggrieved by the district court’s decision is entitled to appeal to the appropriate appellate court as in other' civil cases. La. R.S. 49:965. When an appellate court reviews the district court’s judgment, no deference is owed by the appellate Court to the district court’s fact findings or legal conclusions, “ ‘just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. Thus, an appellate court sitting in review of an administrative agency reviews the findings and decision of the administrative agency and not the decision of the district court.’ ” Bourgeois v. Louisiana State Racing Comm’n, 10-0573, p. 7 (La. App. 4 Cir. 11/12/10), 51 So.3d 851, 856 (quoting Smith v. State, Dep’t of Health and Hospitals, 39,368, pp. 4-5 (La. App. 2d Cir. 3/2/05), 895 So.2d 735, 739). The standard of appellate review of an administrative agency’s decision is distinct from and narrower than that which applies to ordinary civil and criminal appeals. Reaux v. Louisiana Bd. of Med. Examiners, 02-0906, p. 3 (La. App. 4 Cir. 5/21/03), 850 So.2d 723, 726. The exclusive’grounds upon which an administrative agency’s decision may be reversed or modified on appeal are enumerated in La. R.S. 49:964(G) of the Administrative Procedure Act (“APA”). Armstrong v. Louisiana State Bd. of Medical Examiners, 03-1241, pp. 9-11 (La. App. 4 Cir. 2/18/04), 868 So.2d 830, 837-38. Clark, 2012-1049, pp. 9-11, 104 So.3d at 826-27. Defining the scope and standards for judicial review of agency decisions, La. R.S. 49:964(G) provides: The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by other error of law; (5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the 15court shall make its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues. In this appeal, Ms. Sylvester argues that the hearing officer and the district court erred when they failed to find that the succession representative (Joyce), who was in possession of the property at the time of the initial notice of violation on January 28, 2015, should be liable for the violations that occurred on that date. Ms. Sylvester points out that the administrative decision rendered against her by the City only references violations that existed on January 28, 2015. However, she maintains that on January 28, 2015, the ownership of the property was in dispute and the subject of a suspensive appeal. We find no merit in this argument. On August 13, 2014, a Final Partition Judgment was rendered in Mr. Sylvester’s succession proceedings in the 24th Judicial District Court, specifically declaring Ms. Sylvester to be the owner of 1212-14 South Rampart Street. Contrary to Ms. Sylvester’s assertion, that judgment was not appealed. The record reflects that Ms. Sylvester’s petition for appeal only references the July 14, 2014 Amended Judgment, concerning the ownership of other pieces of succession property. Thus, ownership of 2012-14 South Rampart Street was not the subject of a suspensive appeal, nor was it in dispute on January 28, 2015, when Ms.' Sylvester was first cited for the code violations. At the November 2, 2015 administrative hearing, Ms. Sylvester acknowledged that she was the sole owner of the property. That fact was 1,¡corroborated by the City’s title search. Furthermore, it is undisputed that the property remained in a deteriorated condition from the first inspection conducted on January 28, 2015, through the fourth inspection on October 22, 2015. It is also undisputed that Ms. Sylvester received proper notice of the violations. In sum, we find that the administrative decision and the district court’s judgment are supported by the evidence. CONCLUSION For the foregoing reasons, we find no error on the part of the administrative hearing officer in the assessment of fines and fees against Ms. Sylvester. Likewise, we find no error on the part of the district court in affirming that decision. Accordingly, we affirm. AFFIRMED . Succession of Anthony Sylvester, No. 616-471, 24th J.D.C. for the Parish of Jefferson. . The City acknowledged that twp violations for overgrown weeds and fences had been abated.